**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SAMAD MCKOY,** | : | **CIVIL ACTION NO. 1:26-CV-2330** |
| | : | |
| **Plaintiff** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **PYRAMID COMMISSARY,** | : | |
| | : | |
| **Defendant** | : | |

**MEMORANDUM**

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Samad McKoy, alleges that defendant, a private company that allegedly performs commissary services at Monroe County Correctional Facility, violated his civil rights by selling him expired cookies that allegedly caused him to become physically ill. The complaint will be dismissed without prejudice and McKoy will be granted leave to file an amended complaint.

## I. Factual Background & Procedural History

Although McKoy does not state where the events alleged in the complaint occurred, the court presumes that he was detained in Monroe County Correctional Facility at all relevant times because he lists his address as that prison. He filed his complaint on August 3, 2026, and the court received and docketed it on August 16, 2026. (Doc. 1). The complaint's factual allegations are limited to one paragraph as follows:

> On July 2 of 2026 I received (chocolate chip sweet serenity cookies) on commissary, I order a few bags of cookies[. A]s time went on I started to vomit and use the bathroom a lot, started to feel dizzy and tired, come

> to find out when I vomit, cookies was coming up, both bags of cookies was out dated by months and a year. I have the evidence and also showed it. I'm still seeking medical attention.

(Id. at 2–3). McKoy requests $500,000 in damages. (Id. at 3). The sole defendant named in the complaint is Pyramid Commissary. (Id.) Although the complaint does not state any factual allegations about Pyramid Commissary's role in the prison, it appears to be a private company subcontracted by the prison to manage the commissary.

## II. Legal Standard

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. See 28 U.S.C. § 1915(e)(2);[1] 28 U.S.C. § 1915A.[2] The court is required to identify cognizable claims

[1] 28 U.S.C. § 1915(e)(2) provides:

> **(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
> **(A)** the allegation of poverty is untrue; or
> **(B)** the action or appeal—
> **(i)** is frivolous or malicious;
> **(ii)** fails to state a claim on which relief may be granted; or
> **(iii)** seeks monetary relief against a defendant who is immune from such relief.

[2] 28 U.S.C. § 1915A provides:

> **(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

In screening claims under Sections 1915A(b) and 1915(e)(2)(B), the court applies the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Coward v. City of Philadelphia, 546 F. Supp. 3d 331, 333 (E.D. Pa. 2021); Smith v. Delaware, 236 F. Supp.3d 882, 886 (D. Del. 2017). This standard requires the court to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Id. at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to

---

**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

**(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

**(2)** seeks monetary relief from a defendant who is immune from such relief.

state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556). A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants. Sause v. Bauer, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

## III. Discussion

Plaintiff's federal constitutional claims are filed pursuant to 42 U.S.C. § 1983. Section 1983 creates a cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United

States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

McKoy does not state what constitutional claims he wishes to assert, but the court liberally construes his complaint as asserting that defendant's actions of selling him expired cookies constituted deliberate indifference to a risk of harm to him. Because he is detained in a county prison, the court assumes that he is a pretrial detainee. Thus, his deliberate indifference claim is governed by the Due Process Clause of the Fourteenth Amendment. Natale Camden Cnty. Corr. Facility, 318 F.3d 575, 581–82 (3d Cir. 2003). For deliberate indifference claims, the Fourteenth Amendment and Eighth Amendment standards are the same. Id. To state a deliberate indifference claim, a plaintiff must allege that: (1) he was incarcerated under conditions posing a substantial risk of serious harm; (2) the defendant was deliberately indifferent to that risk; and (3) the defendant's deliberate indifference caused him harm. Williams v. Sec'y Pa. Dep't of Corrs., 117 F.4th 503, 514 n.58 (3d Cir. 2024).

Here, McKoy fails to allege a deliberate indifference claim against Pyramid. To state a constitutional claim against a private corporation providing services to a prison through a contract, "a plaintiff must allege a policy or custom that resulted in the alleged constitutional violations at issue." Palakovic v. Wetzel, 854 F.3d 209, 232 (3d Cir. 2017). Thus, to state a claim that Pyramid violated McKoy's rights by selling him expired cookies, he would have to plausibly allege the existence of some policy or custom to regularly sell expired food to inmates. Because he has plainly

failed to allege the existence of any such policy or custom, his complaint fails to state a claim upon which relief may be granted against Pyramid.

The complaint also fails to state a claim to the extent that it can be liberally construed as asserting claims for deliberate indifference against unnamed individual employees of Pyramid. Absent some allegation of intentional action or some other act that could be construed as deliberate indifference, the bare allegation that an employee sold McKoy expired cookies appears to amount to nothing more than negligence, which is not sufficient to allege deliberate indifference. See Farmer v. Brennan, 511 U.S. 825, 835 (1994) ("[D]eliberate indifference entails something more than mere negligence."). The complaint will therefore be dismissed for failure to state a claim upon which relief may be granted.

Before dismissing a civil rights complaint for failure to state a claim, courts must permit a curative amendment unless the amendment would be inequitable or futile. Phillips, 515 F.3d at 245. McKoy will be granted leave to amend his complaint because the court cannot conclude that such an amendment would be inequitable or futile.

## IV. Conclusion

McKoy is granted leave to proceed *in forma pauperis*, and his complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A. McKoy is additionally granted leave to file an amended complaint. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated: August 27, 2026